UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In the Matter of the Complaint of Boat Aaron & Melissa, Inc. as owner Of the F/V Emmy Rose (O.N. 909149), an 80' fishing vessel, for Exoneration from, or Limitation of Liability | Civil Action No. 2:21-CV-0001-JAW |

### ANSWER AND COUNTER-CLAIM OF ASHLEY GROSS AS THE REPRESENTATIVE OF THE ESTATE OF MICHAEL JOHN PORPER, JR.

NOW COMES Ashley Gross, by and through her attorneys, as the Representative of the Estate of Michael John Porper, Jr. (hereinafter "Gross") in this Answer and Counter-Claim to the Petitioner's, Boat Aaron & Melissa, Inc as owner of the F/V Emmy Rose (hereinafter "BAM") Action for Exoneration and/or Limitation of Liability pursuant to 46 U.S.C. 30501-30512 and Supp. Rule F of the Federal Rules of Civil Procedure.

### JURISDICTION

1. As this is a statement of law and not an allegation of fact, Gross neither admits nor denies.

### VENUE

2. As this is a statement of law and not an allegation of fact, Gross neither admits nor denies.

### PARTIES

3. Gross is without sufficient knowledge to either admit or deny.
4. Gross is without sufficient knowledge to either admit or deny.
5. Gross is without sufficient knowledge to either admit or deny.
6. Gross is without sufficient knowledge to either admit or deny.
7. Gross is without sufficient knowledge to either admit or deny.
8. Denied. At the time of his death, Michael John Porper, Jr. was a resident of Maine.

### STATEMENT OF FACTS

1

9. Admitted.
10. Denied.
11. Gross is without sufficient knowledge to either admit or deny.
12. Gross is without sufficient knowledge to either admit or deny.
13. Admitted.
14. Admitted.
15. Denied.
16. Denied.
17. Denied.
18. Denied.
19. Admitted that Gross, on behalf of Porper, through counsel, provided notice of claim by way of written communications beginning on November 27, 2020, otherwise Gross is without knowledge to either admit or deny as to the Estate of Matthews.
20. Admitted.
21. Gross is without sufficient knowledge to either admit or deny.
22. Gross is without sufficient knowledge to either admit or deny.
23. Denied.

## EXONERATION/LIMITATION

24. To the extent that this is an allegation of fact, Gross denies that BAM is entitled to exoneration from liability for death or any other claimed losses, injury, damages and losses sustained by Michael John Porper, Jr. arising from the vessel casualty on November 23, 2020.
25. To the extent that this is an allegation of fact, Gross denies that BAM is entitled to limitation of liability pursuant to 46 U.S.C. 30501, nor supp. Rule F, nor any other statute, case or authority as a result of claimed losses, injury, damages and losses or any other claims by Gross on behalf of Michael John Porper, Jr. arising from the vessel casualty on November 23, 2020.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Petitioner's Claims are barred, in part or in whole, by the applicable Statute of Limitations.
3. This Court lacks personal jurisdiction over certain members of the Estate of Michael John Porper, Jr.[1]
4. The Petitioner failed to serve sufficient process.
5. The Petitioner failed to provide required public notice.
6. The Petitioner failed to keep and/or maintain the F/V Emmy Rose in a seaworthy condition.[2]
7. The Petitioner has the shifted burden of proof that the vessel was, in fact, seaworthy.[3]
8. The Petitioner is liable and/or vicariously liable through privity and knowledge for the unseaworthy condition of the vessel as Petitioner and/or the master of the vessel had actual knowledge of same.
9. The Petitioner is liable and not entitled to exoneration nor limitation as a result of inadequate maintenance and repair procedures.[4]
10. The Petitioner, in whole or in part, individually, jointly and/or severally, caused or contributed to causing the casualty of the vessel and other losses, damages, etc., including the death of Michael J. Porper, Jr. by its own negligence.
11. The Petitioner fails to post sufficient security to adequately discharge the petitioner's liabilities.[5]
12. The security posted by the Petitioner fails to adequately reflect the value of the vessel, its appurtenances and its freight at the time of the casualty.
13. The Petitioner is not entitled to exoneration, nor limitation of liability on wages owed to Michael J. Porper, Jr.[6]

## COUNTER-CLAIM(S)

NOW COMES Ashley Gross, as Representative of the Estate of Michael John Porper, Jr, in this counter claim pursuant to The Merchant Marine Act of 1920 (so-called "The Jones Act") and

---

[1] Supplemental Rule F(9)
[2] Villers Seafood Co., Inc. v. Vest, 813 F.2d 339 (1987); Hercules Carriers, Inc. v. Florida, 768 F.2d 1558 (1985)
[3] Keys Jet Ski, Inc. v. Kays, 893 F.2d 1225 (1990)
[4] In re Amoco Cadiz, 1984 AMC 2123 (N.D. Il 1984), aff'd 1992 AMC 913 (7TH Cir. 1992)
[5] Section 183 calls for $420 per gross ton for fishing vessels
[6] 46 USC App. S. 189

The Death on the High Seas Act (so-called "DOHSA") against the Petitioner (Defendant in Counter-Claim) BAM as the owner of F/V Emmy Rose.

## PARTIES

1. The Plaintiff/Claimant, Ashley Gross, as the Representative of the Estate of Michael John Porper, Jr. (hereinafter "Gross"), is a resident of the State of Maine and has been appointed by the York County Probate Court as the Personal Representative by order dated February 11, 2021 (Docket No. 2021-0019 (1)). In addition, prior to his death, Porper was also a resident of the State of Maine.
2. The Defendant-in-Counter Claims (Petitioner), Boat Aaron & Melissa, Inc. (hereinafter "BAM") is a corporation with its principal place of business in the State of Maine, which owns and operates the F/V Emmy Rose.

## JURISDICTION/VENUE

3. This court has subject matter jurisdiction in this case pursuant to the General Maritime Law, the Death on the High Seas Act ("DOHSA"), 46 U.S.C 30301 et. seq. and 46 U.S.C. 688, The Merchant Marine Act of 1920 ("Jones Act").
4. This court has personal jurisdiction over the Defendants as the vessel made port in Maine and the vessel master has its principal office in Maine.

## FACTUAL ALLEGATIONS

5. At all relevant times, Michael John Porper, Jr. (hereinafter "Porper"), represented in this case by the Representative of his Estate, Ashley Gross, was a Jones Act Seaman in service to the F/V Emmy Rose.
6. The F/V Emmy Rose was an 80 foot commercial fishing vessel, owned and operated at all relevant times by Boat Aaron & Melissa, Inc. (BAM).
7. At all relevant times the F/V Emmy Rose was engaged/engaging in commercial fishing operations on the navigable waters off the coast of New England.
8. The F/V Emmy Rose, including crewmember Porper, departed Portland, ME on a scheduled fishing trip on November 18, 2020.

9. At some point on November 22, 2020 the crew radioed to shore that they were heading to Gloucester to unload their catch.
10. Early the next morning, at around 1:30 a.m. the U.S. Coast Guard received an "EPIRB" distress notification from the F/V Emmy Rose.
11. At the time of the distress notification, the vessel was between 20-30 miles off the coast of Provincetown, MA.
12. The U.S. Coast Guard conducted a nearly 48 hour search and rescue operation to no avail.
13. All four members of the crew, including Porper, were lost at sea and presumed dead.
14. Petitioner/Defendant-in-Counter-Claims (BAM) is liable for the death of Mr. Porper based on its failure to exercise due care in the operation of the commercial fishing vessel, navigation of the commercial fishing vessel, care and maintenance of the commercial fishing vessel and in other ways as will be proven through litigation and at trial.
15. Petitioner/Defendant-in-Counter-Claims' (BAM) actions/ommissions were wreckless and grossly negligent.
16. The U.S. Coast Guard issued Letters of Presumed Death, signed by Captain E.J. Doucette, Sector Commander for Coast Guard Sector Boston, for Mr. Porper on December 30, 2020. The letter states:

> "…the U.S. Coast Guard has conducted an investigation into the disappearance of Mr. Michael Porper, Jr. while underway on board the CFV EMMY ROSE, O.N. 909149, in the North Atlantic Ocean, approximately 20 nautical miles off the coast of Provincetown, MA, on November 23, 2020. Mr. Michael Porper, Jr. was not found in the ensuring search and is presume dead."

17. The sinking of the F/V Emmy Rose in still under investigation by the U.S. Coast Guard and the National Transportation Safety Board.
18. Mr. Porper was father to two minor children, ages 2 and 15 at the time of his presumed death.
19. Mr. Porper was also engaged to be married to Ashley Gross, the representative of his estate and the mother to his 2 year old minor child.
20. Mr. Porper's 15 year old daughter, from a prior relationship, lives in Gloucester, Massachusetts with her mother, Holly O'Connor.

21. As a direct and proximate result of his death, both of his minor children suffered significant pecuniary loss.

### COUNT I: Survival Action pursuant to The Merchant Marine Act of 1920, 46 U.S.C. s. 688 (Jones Act Negligence)

22. At all relevant times hereto, Porper was employed by BAM in service to the F/V Emmy Rose and was doing the work traditionally done by a seaman.
23. BAM owed a duty to exercise reasonable care to Mr. Porper in the operation, navigation, maintenance and repair of the F/V Emmy Rose.
24. Sometime between the evening of November 22, 2020 and the early morning hours of November 23, 2020, prior to his death[7], Mr. Porper suffered severe conscious pain and suffering and ultimately died as a result of the BAM's negligence and gross negligence in the following ways:
    a. Failure to exercise due care to providing, inspecting and/or maintaining a safe, seaworthy vessel, including its equipment, appurtenances, crew, etc.;
    b. Failure to property inspect the vessel for its safety hazards prior to leaving the dock, including the hull, its equipment, appurtenances, etc.
    c. Lack of due care in the navigation of the vessel;
    d. Lack of due care in monitoring the vessel and communicating with the crew;
    e. Navigating the vessel through dangerous seas, due to impending weather/sea conditions, as well as through dangerous shipping lanes which expose the vessel to collision;
    f. In other ways as will be proven through litigation and at trial.
25. BAM, through its various agents, employees and servants had actual knowledge and privity, as well as participation in the negligence and gross negligence.
26. BAM's negligence and gross negligence were the direct and proximate cause of Mr. Porper's conscious pain and suffering, as well as his death.

---

[7] 46 U.S.C. s. 30104 allows for a survival action for conscious pain and suffering of the deceased seaman.

## COUNT II: Unseaworthiness

27. At all relevant times, Mr. Porper was acting within the scope of his duties as a crew member and Jones Act Seaman aboard the F/V Emmy Rose.
28. At all relevant times, Mr. Porper was doing the work traditionally done by a seaman.
29. The Defendants-in-Counter-Claims (BAM) at all relevant times, owned and controlled the F/V Emmy Rose.
30. The Defendants-in-Counter-Claims (BAM) had a duty to provide a seaworthy vessel, which was competently manned, equipped and fit and proper for service in which she was engaged – i.e. commercial fishing.
31. On or about November 22 or 23rd of 2020, the vessel was on the navigable waters and while Mr. Porper was in the exercise of due care in performance of his duties, the vessel sank, and he sustained severe conscious pain and suffering and ultimately died.
32. The vessel was unseaworthy in the following ways:
    a. The vessel and safety equipment were not properly maintained;
    b. The hull and/or appurtenances were unseaworthy prior to departing Portland, ME on November 18, 2020;
    c. The crew was not properly trained;
    d. The vessel was navigated improperly;
    e. The vessel had no policies and procedures in place for communication, safety, maintenance, and/or inspection;
    f. The style of the vessel's hull was not designed for use in the North Atlantic seas.
    g. In other ways as will be proven through litigation and at trial.
33. As a direct and proximate result of the Defendants actions/omissions, the Mr. Porper suffered conscious emotional and physical pain and ultimately died.
34. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

## COUNT III: Death on the High Seas pursuant to 46 U.S.C 30301

35. At all relevant times, BAM owed Mr. Porper a duty to exercise reasonable care pursuant to the so-called "Death on the High Seas Act," as well as a duty to provide a seaworthy vessel fit for service.

36. On or about November 22 or 23rd of 2020, the F/V Emmy Rose was on the navigable waters and while Mr. Porper was in the exercise of due care in performance of his duties, the vessel sank, and he sustained severe conscious pain and suffering and ultimately died.

37. The vessel sanks and the Mr. Porper died due to the negligence and gross negligence of the Defendant-in-Counter-Claims (BAM) who had both privity and knowledge, as well as actual participation in the cause of the sinking and subsequent death of the crew.

38. Mr. Porper's death was the direct and proximate cause of the Defendant-in-Counter-Claims as outlined in paragraphs 24 of Counter Claim Count I, and 32 of Counter Claim Count II.

## PRAYER FOR RELIEF

WHEREFORE, the Claimant/Plaintiff-in-Counter-Claims, Ashley Gross, as the Representative of the Estate of Michael John Porper, Jr., hereby demands judgment against Boat Aaron & Melissa, Inc. as owner of the F/V Emmy Rose (O.N. 909149) for all damages allowable by law, together with interest, costs, attorneys fees, and punitive damages, along with any other damages that the Court deems appropriate.

**DATE: 2/28/2021**

*/s/Joseph M. Orlando, Jr.*
MA BBO# 680995
*/s/ Joseph M. Orlando*
ME Bar #007163
*/s/Brian S. McCormick*
ME Bar# 006230
Counsel for Ashley Gross
ORLANDO & ASSOCIATES, P.C.
1 Western Avenue
Gloucester, MA 01930
Ph. (978) 283-8100
Fx. (978) 283-8507
jmorlandojr@orlandoassociates.com
bmccormick@orlandoassociates.com

Certificate of Service

I hereby certify that this document
was filed and served through the
CM/ECF filing system on all parties
appearing in this matter in accordance
with the Fed.R.Civ.Pro & Local Rules.

<u>2/28/2021</u>      <u>/s/Joseph M. Orlando, Jr.</u>
Date            Signature