UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| In the Matter of the Complaint of<br><br>BOAT AARON & MELISSA, INC,. as owner of the F/V EMMY ROSE (O.N. 909149), a 80' fishing vessel, for Exoneration From, or Limitation of Liability | 2:21-cv-0001-JAW |

**ANSWER OF JENNIFER WARD AND MATTHEW WARD, PERSONAL REPRESENTATIVES OF THE ESTATE OF ETHAN MATTHEW WARD**

Now comes Defendant/Claimant, Jennifer Ward and Matthew Ward, Personal Representatives of the Estate of Ethan Matthew Ward, and by and through undersigned counsel, files this Answer to the Complaint [Doc. #1] of Boat Aaron & Melissa, Inc. seeking Exoneration from or Limitation of Liability, and states as follows:

**ANSWER TO PETITIONER'S COMPLAINT**

1. The allegations contained in Paragraph 1 of Petitioner's Complaint relate to conclusions of law to which no answer is required.  To the extent that an answer is required, Defendant/Claimant denies these allegations.

2. Defendant/Claimant admits that venue is proper within the District of Maine but is without knowledge of the truth of the remaining allegations set forth in in Paragraph 2 of Petitioner's Complaint and therefore denies the same.

3. Defendant/Claimant is without knowledge of the truth of the allegations set forth in in Paragraph 3 of Petitioner's Complaint and therefore denies the same.

4. Defendant/Claimant is without knowledge of the truth of the allegations set forth in in Paragraph 4 of Petitioner's Complaint and therefore denies the same.

5. Defendant/Claimant is without knowledge of the truth of the allegations set forth in in Paragraph 5 of Petitioner's Complaint and therefore denies the same.

6. Defendant/Claimant is without knowledge of the truth of the allegations set forth in in Paragraph 6 of Petitioner's Complaint and therefore denies the same.

7. Defendant/Claimant admits the allegations contained within Paragraph 7 of Petitioner's Complaint.

8. Defendant/Claimant is without knowledge of the truth of the allegations set forth in in Paragraph 8 of Petitioner's Complaint and therefore denies the same.

9. Defendant/Claimant admits the allegations contained within Paragraph 9 of Petitioner's Complaint.

10. Defendant/Claimant denies the allegations contained within Paragraph 10 of Petitioner's Complaint.

11. Defendant/Claimant is without knowledge of the truth of the allegations set forth in in Paragraph 11 of Petitioner's Complaint and therefore denies the same.

12. Defendant/Claimant is without knowledge of the truth of the allegations set forth in in Paragraph 12 of Petitioner's Complaint and therefore denies the same.

13. Defendant/Claimant is without knowledge of the truth of the allegations set forth in in Paragraph 13 of Petitioner's Complaint and therefore denies the same.

14. Defendant/Claimant is without knowledge of the truth of the allegations set forth in in Paragraph 14 of Petitioner's Complaint and therefore denies the same.

15. Defendant/Claimant denies the allegations contained within Paragraph 15 of Petitioner's Complaint.

16. Defendant/Claimant denies the allegations contained within Paragraph 16 of Petitioner's Complaint.

17. Defendant/Claimant denies the allegations contained within Paragraph 17 of Petitioner's Complaint.

18. Defendant/Claimant denies the allegations contained within Paragraph 18 of Petitioner's Complaint.

19. Defendant/Claimant is without knowledge of the truth of the allegations set forth in in Paragraph 19 of Petitioner's Complaint and therefore denies the same.

20. The allegations contained in Paragraph 20 of Petitioner's Complaint relate to conclusions of law, legal claims and/or statements of Petitioner's goal or intent, to which no answer is required. To the extent that an answer is required, Defendant/Claimant denies these allegations.

21. The allegations contained in Paragraph 21 of Petitioner's Complaint relate to conclusions of law, legal claims and/or statements of Petitioner's goal or intent, to which no answer is required. To the extent that an answer is required, Defendant/Claimant denies these allegations.

22. The allegations contained in Paragraph 22 of Petitioner's Complaint relate to conclusions of law, legal claims and/or statements of Petitioner's goal or intent, to which no answer is required. To the extent that an answer is required, Defendant/Claimant denies these allegations.

23. Defendant/Claimant denies the allegations contained within Paragraph 18 of Petitioner's Complaint.

24. The allegations contained in Paragraph 24 of Petitioner's Complaint relate to conclusions of law, legal claims and/or statements of Petitioner's goal or intent, to which no answer is required. To the extent that an answer is required, Defendant/Claimant denies these allegations.

25. The allegations contained in Paragraph 24 of Petitioner's Complaint relate to conclusions of law, legal claims and/or statements of Petitioner's goal or intent, to which no answer is required. To the extent that an answer is required, Defendant/Claimant denies these allegations.

## AFIRMATIVE DEFENSES

26. The Defendant/Claimant asserts the following affirmative defenses to all claims for relief set forth in Petitioner's Complaint.

27. **AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE** the Petitioner, Boat Aaron & Melissa, Inc has failed to comply with Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

28. **AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE** the Petitioner, Boat Aaron & Melissa, Inc has failed to comply with the Local Rules of Civil Procedure for the United States District Court, District of Maine.

29. **AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE** the Claimant says that the Petitioner's Complaint fails to state a claim upon which relief may be granted.

30. **AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE,** the Claimant says that this action was not commenced within the time required by the applicable statute and rules of limitations and not commenced within 6 months after a claimant provided the Plaintiff with written notice of a claim.

31. **AND FURTHER ANSWERING AND AS A COMPLETE AND SEPERATE DEFENSE**, the Claimant says that Petitioner, Boat Aaron & Melissa, Inc has failed to make or give notice and/or effectuate service of its process in accordance with Orders of the Court, the Federal Rules of Civil Procedure and/or Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

32. **AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE**, that the Plaintiffs have failed to post security equal to his interest in the vessel that is the subject of this petition including security equal to Plaintiff's and/or the vessel's claim against third parties for property damage to the vessel on account of the casualty.  The stipulation of appraisal is insufficient under the applicable rules and/or statutes to satisfy the vessel owner's obligation to post bond.

33. **AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE,** that the cause, fault and/or defect giving rise to sinking and death of Mr. Matthew Ward was within the privity and knowledge of the Plaintiff.

**WHEREFORE**, the Defendants/Claimants Jennifer Ward and Matthew Ward, Personal Representatives of the Estate of Ethan Matthew Ward requests that this Honorable Court:

A.  Deny and/or dismiss Petitioner, Boat Aaron & Melissa, Inc.'s Complaint for Exoneration from or Limitation of Liability;

B. Enter a decree lifting the restraining order barring the prosecution of civil actions and/or,

C. Enter a Judgment or Decree finding Plaintiffs legally liable for the damages of the Defendant/Claimant and further finding that the cause, fault and/or defect giving rise to the allision were within the privity and knowledge of the Petitioner, Boat Aaron & Melissa, Inc.'s

> **BY THE CLAIMANTS, JENNIFER WARD AND MATTHEW WARD, PERSONAL REPRESENTATIVES OF THE ESTATE OF ETHAN MATTHEW WARD**
>
> /s/ Carolyn M. Latti
> Carolyn M. Latti
> BBO #567394
> David F. Anderson
> BBO #567994
> LATTI & ANDERSON LLP
> 30-31 Union Wharf
> Boston, MA 02109
> (617) 523-1000

DATED: March 1, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, I electronically filed the above document with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record in the above captioned matter.

> Respectfully submitted for the
> the Plaintiff,
>
> /s/Carolyn M. Latti
> Carolyn M. Latti

6